## UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 23-2048**

―――――――――

J. LARRY WILLIS,

   Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; VIRGINIA INTERNATIONAL TERMINALS, LLC,

   Respondents.

―――――――――

On Petition for Review of an Order of the Benefits Review Board.  (22-0295)

―――――――――

Submitted:  April 8, 2025       Decided:  May 28, 2025

―――――――――

Before NIEMEYER, AGEE and THACKER, Circuit Judges.

―――――――――

Denied by unpublished per curiam opinion.

―――――――――

**ON BRIEF:**  Matthew H. Kraft, MATTHEW H. KRAFT, P.L.C., Virginia Beach, Virginia, for Petitioner.  Lawrence P. Postol, POSTOL LAW FIRM, P.C., McLean, Virginia, for Respondent Virginia International Terminals, LLC.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

J. Larry Willis petitions for review of the Benefits Review Board's ("BRB") decision to affirm an Administrative Law Judge's ("ALJ") denial of disability benefits under the Longshore and Harbor Workers' Compensation Act (the "Longshore Act"). Seeing no error under our deferential standard of review, we deny Willis' petition.

I.

While at work in May 2018, Willis drove a translifter into a pothole and hurt his back. His employer, Virginia International Terminals, LLC, agreed to pay out benefits for some, but not all, periods of partial and total temporary disability. So Willis sought additional benefits under the Longshore Act for two more periods of partial and total disability, during which he claims to have been disabled due to the work accident.

After a hearing at which Willis testified, and on an expansive record of medical records and opinions, an ALJ denied Willis' request in a thorough written decision. That denial was driven primarily by the ALJ's findings that (1) Willis' testimony—including that he did not have any back pain in the five years preceding the May 2018 work accident—was not credible, mostly because he failed to disclose his extensive history of back issues to medical providers in the months following the May 2018 work accident; and (2) one doctor's (Dr. Goss) medical opinion—which concluded that the May 2018 accident was a discrete, minor injury that was resolved within 12 weeks and that Willis' ongoing back pain was caused by his pre-existing degenerative back condition—was more persuasive than another's (Dr. Wardell) opinion—which opined that the May 2018 work

2

accident caused Willis' back injuries. The ALJ concluded that Willis' relevant back pain was "related to his preexisting lumbar spine degeneration, and unrelated to his 2018 work injury," and was therefore not covered under the Longshore Act. J.A. 24.

Willis appealed, and the BRB affirmed the ALJ's decision after finding no factual or legal error. It held that "[t]he ALJ properly weighed causation based on the record as a whole and her decision to credit Dr. Goss'[] opinion over that of Dr. Wardell is supported by substantial evidence." J.A. 30. It also "reject[ed] [Willis'] contention that the ALJ violated the" Administrative Procedure Act ("APA") by failing to address certain evidence in the record. J.A. 31.

Willis timely petitioned this Court to review the BRB's decision, and we have jurisdiction to do so under 33 U.S.C. § 921(c). *See Moody v. Huntington Ingalls Inc.*, 879 F.3d 96, 98 (4th Cir. 2018). His arguments to us appear to be the same ones that he made before the BRB. That said, our review is de novo insofar as our primary duty is to ensure the BRB committed no legal error and "adhered to its standard of review." *Metro Mach. Corp. v. DOWCP*, 846 F.3d 680, 687 (4th Cir. 2017).

II.

Willis' petition challenges the BRB's conclusion that the ALJ's findings were (a) supported by substantial evidence and (b) adequately explained under the APA. As we explain in further detail below, neither argument comes close to surmounting the high bar required to overcome our congressionally-mandated deference under this administrative scheme. *See Gilchrist v. Newport News Shipbuilding & Dry Dock Co.*, 135 F.3d 915, 918

3

(4th Cir. 1998) ("This Court must uphold the [BRB's] decision concerning the [ALJ's] decision if the findings of the [ALJ] are supported by substantial evidence in the record as a whole, are rational, and are in accordance with the law.").

A.

The bulk of Willis' petition challenges the ALJ's fact finding buttressing her conclusion that Willis' ongoing back injuries were not caused by the May 2018 work accident as unsupported by substantial evidence. We disagree.

Under the Longshore Act, an ALJ's fact finding "*shall* be conclusive if supported by substantial evidence in the record as a whole." 33 U.S.C. § 921(b)(3) (emphasis added). Substantial evidence is any "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Island Creek Coal Co. v. Blankenship*, 123 F.4th 684, 690 (4th Cir. 2024) (cleaned up). In our limited review, an ALJ's "findings may not be disregarded on the basis that other inferences might have been more reasonable. Deference must be given to the factfinder's inferences and credibility assessments." *Ceres Marine Terminals, Inc. v. Green*, 656 F.3d 235, 240 (4th Cir. 2011) (quoting *Newport News Shipbuilding & Dry Dock Co. v. Tann*, 841 F.2d 540, 543 (4th Cir. 1988)).

Substantial evidence supported the ALJ's assessment that Willis' testimony about his back pain lacked credibility. The record reveals an extensive history of incidents that caused him back pain in both the distant and more recent past. *See, e.g.*, J.A. 586–87 (1996 car accident); J.A. 592–602 (2008 work incident); J.A. 603 (2011 complaint of back pain); J.A. 604, 624–28 (2013 car crash resulting in an MRI that showed a "small disc bulge" in his back). Yet Willis denied having any past back issues to the doctors who saw him in the

4

months after the May 2018 accident. The ALJ was entitled to infer that Willis' "failure to disclose" his extensive history of back injuries was "indicative of a desire to downplay [that] history in advancing [his] claim." J.A. 20; *see* J.A. 21 ("[I]t is clear that [Willis] had an incentive to omit mention of his prior back problems with Dr. Wardell or other providers, since he was attempting to obtain compensation benefits for low back pain based on a more recent work injury."); *see also Ceres Marine Terminals, Inc.*, 656 F.3d at 240. Moreover, much of Willis' petition hinges on his argument that the ALJ should have credited his testimony that he did not have any back pain in the five years preceding the May 2018 work accident. But it is reasonable to infer that a petitioner who previously lied about his lack of back pain to advance his claim for benefits may do so again. The ALJ therefore did not err in discounting that part of Willis' testimony. *See Ceres Marine Terminals, Inc.*, 656 F.3d at 240

Substantial evidence likewise supported the ALJ's decision to give more weight to Dr. Goss' opinion than to Dr. Wardell's. The record shows that Dr. Wardell did not know that Willis had *any* previous back problems when he initially[1] opined that the May 2018 work accident caused Willis' ongoing back trouble. *See* J.A. 361 ("It is my understanding that prior to Mr. Willis' work injury he had no past medical history of back pain . . . , nor

---

[1] Dr. Wardell stuck to this initial opinion even after he was informed of Willis' history of back pain and the 2013 MRI that showed a disc bulge. We note, however, that in his revised opinion, Dr. Wardell did not invoke the "reasonable degree of medical certainty" standard as he had done previously. Instead, he opined that it was "more likely than not" that his ongoing back pain was "causally related to" the May 2018 work accident. *Compare* J.A. 361 (first opinion), *with* J.A. 383 (second opinion).

5

visits to doctors for back complaints."). Dr. Wardell also did not explain why driving into a pothole could result in the extent of back injury reflected in the 2018 MRI. Meanwhile, Dr. Goss had the benefit of comparing scans from an MRI Willis received in 2013 to those from his 2018 MRI scans and concluded that his ongoing back pain "should be considered related to his known longstanding underlying lumbar degenerative changes, rather than any specific injuries sustained in May of 2018." J.A. 568. Dr. Goss also explained that driving into a pothole would not generate the kind of structural back problems that appeared on Willis' 2018 MRI. *See id.* In view of this competing evidence, the ALJ's choice to give more weight to Dr. Goss' opinion was reasonable, and in any event, one that we cannot disturb. *See Ceres Marine Terminals, Inc.*, 656 F.3d at 240.

In sum, because the ALJ's findings of fact were supported by substantial evidence in the record, we cannot disturb them. 33 U.S.C. § 921(b)(3).

B.

In his second challenge, Willis claims the ALJ fell short in explaining her decision as required under the APA. 5 U.S.C. § 557(c)(3)(A); *see See v. Wash. Metro. Area Transit Auth.*, 36 F.3d 375, 384 (4th Cir. 1994) ("An ALJ's decision is statutorily required to include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting § 557(c)(3)(A))). We have previously recognized that "an ALJ's duty of explanation is not intended to be a mandate for administrative verbosity. If we understand what the ALJ did and why [s]he did it, we, and the APA, are satisfied." *Island Creek Coal Co.*, 123 F.4th at 691 (cleaned up).

6

We have no trouble understanding the ALJ's thorough and well-reasoned decision, which explains how and why she weighed all relevant evidence in the manner in which she did, and how she applied those findings to the law considering the parties' relevant legal arguments. So "we, and the APA, are satisfied." *Id.*

III.

For the reasons discussed, Willis' petition is

*DENIED.*

7